IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KATHERINE L. YOST, )<br>)<br>           Plaintiff, )<br>)<br>vs. )<br>)<br>STONEBRIDGE LIFE INSURANCE )<br>COMPANY, )<br>)<br>           Defendant. ) | Case No. CIV-06-1130-C |

## MEMORANDUM OPINION AND ORDER

Defendant has filed a "Motion to Strike Plaintiff's Expert Witness Report: Affidavit of William Warfel and a Motion in Limine Regarding Testimony by William Warfel. " Therein, Defendant argues that Plaintiff should not be allowed to call Professor Warfel as an expert witness at the trial of this matter because, 1) his report was not timely filed and 2) the substance of his testimony is either not relevant or improper.

Defendant's argument regarding the timeliness of Professor Warfel's report is not well taken. Prior to the expiration of the deadline imposed by the Scheduling Order, Plaintiff filed a request to extend the deadline. Defendant did not timely object to Plaintiff's request and it will be granted.* Thus, Professor Warfel's report was timely submitted. Nevertheless, Professor Warfel will not be permitted to testify at trial.

First, to the extent Professor Warfel seeks to testify about Defendant's bad faith, such testimony is now moot due to Plaintiff's dismissal of that claim. Second, to the extent

---

*  The Court had reserved ruling on Plaintiff's motion pending resolution of the Motion for Summary Judgment and the remainder of Defendant's challenge to Mr. Warfel.

Professor Warfel opines on the duty of Mr. Yost to supplement and/or Defendant's duty to provide a means for supplementation, his proposed testimony impermissibly interferes with the Court's duty to determine the law applicable to the case. See Specht v. Jensen, 853 F.2d 805, 809 (10th Cir. 1988) ("While other experts may aid a jury by rendering opinions on ultimate issues, our system reserves to the trial judge the role of adjudicating the law for the benefit of the jury."). Finally, the remaining opinions Professor Warfel offers are either mooted by the Court's rulings in the Order denying summary judgment, or are not of the type that require expert testimony. See United Telecomms., Inc. v. Am. Television & Commc'ns Corp., 536 F.2d 1310, 1317 (10th Cir. 1976) ("[E]xpert testimony is not necessary where the matter in issue is such that the jury can be expected to draw the correct inferences from the facts presented. In this situation the expert will not provide material assistance to the jurors."). Thus, Defendant's request to strike the opinions of Professor Warfel will be granted.

As set forth more fully herein, Plaintiff's Motion to Extend Time to Submit Expert Testimony (Dkt. No. 21) is GRANTED. Defendant's Motion to Strike (Dkt. No. 24) is GRANTED.

IT IS SO ORDERED this 17th day of May, 2007.

_____
ROBIN J. CAUTHRON
United States District Judge