IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

KATHERINE L. YOST,                     )
                                        )
                  Plaintiff,           )
                                        )
vs.                                     )       Case No. CIV-06-1130-C
                                        )
STONEBRIDGE LIFE INSURANCE             )
COMPANY,                               )
                                        )
                  Defendant.           )

## MEMORANDUM OPINION AND ORDER

As part of her Response to Defendant's Motion for Summary Judgment, Plaintiff filed

a Cross-Motion for Summary Judgment arguing she is entitled to judgment because she acted

in good faith.[*] Defendant has filed a Response arguing questions of fact exist regarding

Plaintiff and/or her husband's intent to deceive by failing to supplement the insurance

application.

Summary judgment is appropriate if the pleadings and affidavits show there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a

matter of law.  Fed. R. Civ. P. 56(c).  "[A] motion for summary judgment should be granted

only when the moving party has established the absence of any genuine issue as to a material

fact."  Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir.

1977).  The movant bears the initial burden of demonstrating the absence of material fact

---

[*] In this regard, Plaintiff's filing violates LCVR 7.2(c) which states:  "[a] response to a
motion may not also include a motion or a cross-motion made by the responding party."  This is not
the first time Plaintiff's counsel has run afoul of the Court's rules in this matter.  Counsel is strongly
encouraged to review the local rules before proceeding further in this matter.

requiring judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

A fact is material if it is essential to the proper disposition of the claim.  Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 248 (1986).  If the movant carries this initial burden, the

nonmovant must then set forth "specific facts" outside the pleadings and admissible into

evidence which would convince a rational trier of fact to find for the nonmovant.

Fed. R. Civ. P. 56(e).  These specific facts may be shown "by any of the kinds of evidentiary

materials listed in Rule 56(c), except the mere pleadings themselves."  Celotex, 477 U.S. at

324.  Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits.

Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992).  "The

burden is not an onerous one for the nonmoving party in each case, but does not at any point

shift from the nonmovant to the district court."  Adler v. Wal-Mart Stores, Inc., 144 F.3d 664,

672 (10th Cir. 1998).

Defendant argues that Mr. Yost allegedly completed and mailed the insurance

application on April 5, 2002, yet it was not received by Defendant for 11 days.  In contrast,

the longest period for any other piece of mail sent by Plaintiff or her husband to Defendant

arrived in 6 days.  Given that Mr. Yost was diagnosed with cancer on April 11, 2002,

Defendant argues there is a question of fact regarding when the insurance application was

actually completed and whether Mr. Yost knew of his diagnosis before mailing the

application. Defendant also notes that the doctor listed by Mr. Yost on the application had not

treated Mr. Yost for over six months while Mr. Yost had seen another doctor, who was not

identified, approximately three weeks before completing the application. Thus, Defendant asserts questions of fact remain regarding Mr. Yost and/or Plaintiff's intent to deceive.

The Court finds Defendant's position well taken. As noted in the Order denying Defendant's Motion for Summary Judgment, questions of intent are rarely appropriate for resolution via summary judgment motions. See McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1129 (10th Cir. 1998) ("Summary judgment is not ordinarily appropriate for settling issues of intent or motivation.") (citing Setliff v. Mem'l Hosp. of Sheridan County, 850 F.2d 1384, 1394 n. 12 (10th Cir. 1988)). The issues raised by Defendant could certainly lead a reasonable jury to find that Plaintiff and/or her husband intended to deceive Defendant by not disclosing a known health condition on the insurance application or in failing to timely supplement that application. Accordingly, Plaintiff's request for judgment on this issue will be denied.

As set forth more fully herein, the Court finds questions of material fact exist which preclude entry of judgment in favor of Plaintiff. Accordingly, Plaintiff's Cross-Motion for Summary Judgment (Dkt. No. 25) is DENIED.

IT IS SO ORDERED this 24th day of May, 2007.


ROBIN J. CAUTHRON
United States District Judge

3